UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAWN A. WOLGAST,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:18-02200-MMD-PAL<br><br>**ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Dawn A. Wolgast has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Ms. Wolgast's Application includes the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed complaint.

**II. SCREENING THE COMPLAINT**

**A. Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Here, Ms. Wolgast challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits under Title II of the Social Security Act. Compl. ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

2

remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines review, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id*. If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405 (g).

In this case, Ms. Wolgast alleges that the Appeals Council denied the request for review on September 28, 2018, and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 8. Thus, it appears she has exhausted her administrative remedies. She timely commenced this action as the Complaint was filed on November 15, 2018, and the Complaint indicates that she resides within the District of Nevada. *Id*. ¶ 1. Accordingly, Ms. Wolgast has satisfied these prerequisites for judicial review.

**C. Grounds for Ms. Wolgast's Appeal**

The Complaint seeks judicial review of the Commissioner's final decision and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan*

*v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Wolgast alleges she has been disabled since from May 31, 2014, through September 30, 2016, the date last insured. Compl. ¶ 5. The ALJ found Wolgast to have the severe impairments of fibromyalgia, sarcoidosis, spinal degenerative disc disease, and obesity as a secondary factor. *Id*. ¶ 9(a). Despite her severe impairments, the ALJ determined Wolgast had the residual functional capacity to perform light work as follows:

> she could lift and carry no more than ten pounds frequently, and twenty pounds occasionally. She could sit for six hours, cumulatively, in an eight-hour workday. She could stand/walk for four hours, cumulatively, in an eight-hour workday. She could occasionally climb stairs/ramps, balance, stoop, kneel, crouch, crawl, and reach overhead, bilaterally. She could not climb ladders, ropes, or scaffolds. She had to avoid all exposure to pulmonary irritants and hazards.

*Id*. ¶ 9(b). The ALJ found that she could perform past relevant work as a telephone operator and data entry clerk. *Id*. ¶ 9(c).

Ms. Wolgast alleges the ALJ's decision lacks the support of substantial evidence for multiple reasons. The ALJ committed legal error by interpreting MRI imaging in functional terms without the help of a medical doctor and failing to articulate sufficient reasons for rejecting Wolgast's testimony concerning symptoms and level of limitation. *Id*. ¶ 9(e), (f). In addition, the ALJ's decision lacks the support of substantial evidence in finding that Wolgast's mental impairments do not constitute severe impairments or cause functional limitations. *Id*. ¶ 9(d). The Complaint contains sufficient factual allegations to give the Commissioner fair notice of Ms. Wolgast's disagreement with the final decision. *See Starr*, 652 F.3d at 1216. Accordingly, her Complaint states a plausible claim for initial screening purposes.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Dawn A. Wolgast's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Wolgast is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall **FILE** the Complaint.

4. The Clerk of Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** the summons and Complaint to the U.S. Marshal for service.

5. The Clerk of Court shall also **ISSUE SUMMONS** to the Commissioner of Social Security and Attorney General of the United States.

6. Ms. Wolgast shall **SERVE** the Commissioner of Social Security by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (2) Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

8. From this point forward, Ms. Wolgast shall serve upon Commissioner or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of Court, and any paper received by a district judge, magistrate judge, or the Clerk of Court that fails to include a certificate of service.

Dated this 20th day of November 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5